UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Shirley Jones,
    Plaintiff

      vs

Michael J. Astrue,
Commissioner of Social
Security,
    Defendant

Case No. C-1-05-789
(Barrett, J.)
(Hogan, M.J.)

---

## REPORT AND RECOMMENDATION

---

This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Social Security Act, 28 U.S.C. §406(b) filed on June 17, 2008 (Doc. 21). Defendant has filed no responsive pleading. Plaintiff is seeking an award of attorney fees in the amount of $8,392.75 for work done before this Court, as provided for under the Act.

On November 30, 2006, this Court issued a report and recommendation that the decision of the Commissioner be reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Thereafter, on December 15, 2006, the district court adopted the report and recommendation and entered Judgment (Docs. 15, 16). On remand, the ALJ issued a fully favorable decision finding Plaintiff disabled as of December 2, 2001. The Social Security Administration has begun paying disability benefits to Plaintiff and on September 15, 1998, they issued a Notice of Award regarding Plaintiff's past-due benefits. Plaintiff's past due benefits for June , 2002 through March, 2008 total $63,406.00. (Doc. 21, Ex. 1). From these past-due benefits, the Social Security Administration has withheld $15,851.00 as 1/4 of such benefits to apply toward payment of an attorney fee in this case. (Id.). Plaintiff's attorney requests $8,394.75 as his fee in this case, which represents the $15,851.00 withheld in past due benefits less $5,300.00 in fees received from the Social Security Administration and less $2,062.50 in fees awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). *See* Doc. 19

A federal statute empowers the Secretary and the federal court to fix attorney fees for services performed in connection with work done in Social Security cases. 42 U.S.C.§ 406. Section 406(b)(1) provides that, for work done in a judicial proceeding, a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits

recovered by the claimant by the claimant:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment...

42 U.S.C.§ 406(b)(1).

In *Horenstein v. Secretary of H.H.S.*, 35 F.3d 261 (6th Cir. 1994)(*en banc*), the Sixth Circuit in overruling *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), held that each tribunal may award fees only for the work done before it. The court in *Horenstein* based its ruling on the fact that the Congress made "distinct and explicit provisions for a 'reasonable fee' for work done before the Secretary under Section 406(a)(1) and that there is no requirement that such an award be made from past-due benefits." 35 F.3d at 262. The court went on to note that section 406(b)(1) established a separate standard for awarding fees for work performed in cases decided by a judge and that those fees may not be "in excess of 25 percent of the total past-due benefits." *Id.* Thus, the court held that for services performed before the Secretary, the Secretary is free to set a reasonable fee, except that as otherwise provided in the statute. *Id.* For services performed in a federal court where the court awards benefits, the attorney fee award cannot exceed 25 percent of the past-due benefits. In cases such as the case *sub judice*, where the court remands the case back to the Secretary for further proceedings, the court will set the fee - limited to 25 percent of the past-due benefits - for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings. *Id.*

In support of the request, Plaintiff submits that his counsel, Eric Allen, expended a total of 17.25 hours of attorney time on this case before the District Court. (Doc. 21, attachment). Mr. Allen states he has 30 years of bar membership and has extensive experience in Social Security matters as outlined in the fee application. *Id.* Dividing the requested fee of $8,394.75 by the hours counsel worked on this case produces a hypothetical fee of $486.65 per hour. The Sixth Circuit in *Hayes v. Secretary of H.H.S.*, 923 F.2d 418 (6th Cir. 1990), noted that attorneys in Social Security cases win about one-half of such cases in district courts, thus, the attorney is entitled to take his or her hourly rate and double it when determining fees under the Social Security Act. In determining whether counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended," *Hayes v. Secretary of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), quoting *Rodriquez*, 865 F.2d at 746, the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422. The Court finds the hypothetical rate of $486.65 per hour is approximately twice the standard rate charged by

2

attorneys in this area and therefore does not present a windfall in this case. *See Lee v. Javitch, Block & Rathbone, LLP*, 2008 WL 2917087, *4 (S.D. Ohio 2008) (citing 2007 Ohio State Bar Association rate survey indicating mean hourly rate for attorneys practicing in Greater Cincinnati is $217/hour, and the median is $200). In addition, there is no evidence or indication that the representation in this matter was substandard or that counsel was responsible for any delay. *Gisbrecht*, 535 U.S. at 808; *Rodriguez*, 865 F.2d at 746. Counsel achieved a good result in this case and, having reviewed the fee request in light of the criteria set forth in *Gisbrecht* and *Rodriquez*, the Court finds that a fee of $8,394.75 is reasonable. Counsel thus should be awarded $8,394.75 in fees under §406(b)(1)(A).[1]

### IT IS THEREFORE RECOMMENDED THAT:

1) Counsel for Plaintiff be awarded a fee of $8394.75 pursuant to the Social Security Act, 42 U.S.C. § 406(b), for work performed before this Court.

Date: 6/18/09

Timothy S. Hogan
United States Magistrate Judge

---

[1] Since counsel has already deducted the $2,062.50 in EAJA fees from the Section 406(b) fee request, there is no requirement that counsel refund the EAJA fees to the client. *See Jankovich v. Bowen*, 868 F.2d 867, 871 and n.1 (6th Cir. 1989) (recognizing that while a claimant may be awarded fees under both the EAJA and the Social Security Act, "any funds awarded pursuant to the EAJA serve as a reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and should be refunded to the client).

## NOTICE TO THE PARTIES REGARDING THE FILING
## OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).